## Noel v. Evening Post Company.

(Decided May 29, 1923.)

## Appeal from Warren Circuit Court.

1. Contracts—Evidence Held to Show Contract as Claimed by Plaintiff.—In a suit to recover the amount due under a contract for advertising, evidence held to sustain the contention of plaintiff that the agreement between the parties provided, as expressed in the written contract, that the stipulated rate was to be paid for each day's insertion, and not for the insertion for the full period of thirty days.

2. Alteration of Instruments—Writing on Top of Contract Amount Computed to be Due is Not an Alteration.—Where a publisher, after performance of a contract for advertising, wrote on the upper left-hand corner of the contract the amount which he computed was due thereon, he did not thereby materially alter the writing so as to render it unenforceable.

MAX B. HARLIN for appellant.

SIMS, RODES & SIMS and TRABUE, DOOLAN, HELM & HELM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

In 1919 appellant, Colonel P. J. Noel, was a candidate for the Democratic nomination for Governor, and in prosecuting his campaign did a large amount of advertising through newspapers, including the Louisville Evening Post. Some time in the early part of June of that year appellant, Noel, employed an entire page of that newspaper in advertising his candidacy. This account was paid promptly. Later and on the 28th of June a representative of the Evening Post Company called at the office of appellant in Bowling Green and entered into a written contract with appellant, reading:

"Bowling Green, Ky., June 27th, 1919.

"The Evening Post Company is authorized to publish in the Evening Post my advertisement to occupy 350 lines per day during the next succeeding thirty days from this date, 6/28/19, for which I agree to pay to the Evening Post Company 10c per line monthly as used.

"P. J. NOEL."

Pursuant to this agreement the Evening Post ran an advertisement in its paper daily for thirty days, each

advertisement having 350 lines in it according to the written agreement. Each insertion, at the price of 10 cents per line, amounted to $35.00, and thirty insertions totaled $1,050.00. The Post Company presented a bill to appellant, Colonel Noel, for $1,050.00 for its advertising, which he declined to pay, insisting that the contract between him and the Post Company, in substance, required the Post Company to run an advertisement of 350 lines per day for him for thirty days for the sum of $350.00.

On the other hand, the Post insists that the written agreement sets forth the entire contract. Appellant, Noel, says that when the representative of the Evening Post Company came into his office on June 28th, he said he would make appellant a special contract to run for him an advertisement of 350 lines per day for thirty days, for $350.00, and relying upon that statement appellant signed the writing in question; that appellant did not read the contract, but thought he saw the representative of the Evening Post write in the sum of $350.00. As will be seen the writing contains the figures 350, but these figures relate to the number of lines per day which the advertisement should contain and nothing more. The price was fixed at 10 cents per line. The agent of the Post Company testified that the arrangement was as set forth in the writing, and not as claimed by appelant, Noel. The original written contract was in the office of the Evening Post Company in Louisville. The business manager, Walter W. Stouffer, gave his deposition, saying that the writing had not been altered or changed but was on the regular printed form of the Post's contracts for advertising, and at the precise rate per line then charged for political advertisements such as the one appellant, Colonel Noel, was contracting to insert. It is also shown in the evidence that the Post Company ran the advertisement, a copy of which was provided appellant Noel, and after it had appeared once or twice Colonel Noel by letter suggested a slight correction, making the words in the original copy reading, "gold plated pistol," to read "gold plated pistols," which correction was made by the Post. He admits he saw the advertisement in some few copies of the Post. He does not question that the Post ran it as provided in the contract for thirty days next after the contract. From the evidence we are convinced that the trial court in finding the facts against appellant, Colonel Noel, but yielded to the weight of the testimony.

Appellant insists that the written obligation was changed in a material part, and is therefore unenforcible. Before bringing suit on the writing and after presenting the bill to Colonel Noel for $1,050.00 on several different occasions, the Post Company estimated the total of the bill for 350 lines per day for thirty days at 10c per line to be $1,050.00, and wrote those figures at the left top corner of the obligatory paper, much in the form of a note, and this is the material alteration of which appellant complains. These figures added nothing whatever to the writing and did not change it in any material or substantial way. The body of the writing shows exactly the amount of the undertaking. When figured up it is $1,050.00. The mere fact that the payee, Evening Post Company, before sending out the writing, figured up the amount due it and placed the figures at the top of the writing did not materially change its effect.

Finding no error to the prejudice of appellant the judgment is affirmed.

Judgment affirmed.